# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CARLTON WAYNE SOLTON, JR.,

                    **Plaintiff,**

          v.                                    **CASE NO. 18-3143-SAC**

(FNU) ANDERSON,  et al.,

                    **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and seeks leave to proceed in forma pauperis.

### The motion to proceed in forma pauperis

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

The financial records submitted by plaintiff in support of his motion show the five months preceding the filing of this action.

Plaintiff's average monthly balance during that period was -$1.90, and his average monthly deposit was $37.00. Accordingly, the Court has calculated his initial partial filing fee as $7.00, 20% of the average deposit, rounded to the lower half dollar.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to

relief," the matter should be dismissed. *Id.* at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

## Discussion

Plaintiff sues the Geary County Detention Center (GCDC) and two officers employed there. The events giving rise to plaintiff's claims occurred during May and June 2018, during plaintiff's observance of

Ramadan.

In Count 1 of the complaint, plaintiff alleges that his First Amendment rights were violated. In Count 2, plaintiff alleges inhumane treatment. In support, he states that those persons observing Ramadan began fasting on May 16, 2018, and that their meals were stored under refrigeration, including bowls of vegetables and fruit. Plaintiff appears to complain that the facility order to warm the vegetables for consumption was not issued until June 1, 2018.

In Count 3, plaintiff broadly alleges a failure to train employees and have consistent policies and rules. He states that in an earlier lawsuit concerning conditions at the jail, he enclosed several grievance and request forms which he alleges were removed.

The Court has examined the complaint and has identified the following deficiencies.

First, the GCDC is not a suable entity. Section 1983 provides a remedy for claims of federal rights by a "person" acting under color of state law. As a governmental sub-unit, the jail cannot sue or be sued, and it is subject to dismissal from this action. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010)(unpublished) ("generally, governmental sub-units are not separable suable entities that may be sued under § 1983") and *Aston v. Cunningham*, 2000 WL 796086, *4 n.3 (10th Cir. June 21, 2000)(unpublished)(stating that jail would be dismissed "because a detention facility is not a person or legally created entity capable of being sued").

Next, plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require

detailed statements of fact, a plaintiff must provide more than "labels and conclusions". *Twombly*, 550 U.S. at 555. Accordingly, plaintiff must amend his complaint to identify the acts of each defendant, how he was injured, and how this violated his federally-protected rights. *See Nasious*, 492 F.3d at 1163.

Third, plaintiff's claim alleging that he was served cold foods during Ramadan does not state a claim for relief.

"Under the Free Exercise Clause, a prisoner has a clearly established right to a diet consistent with his religious scruples, including proper food during Ramadan." *Wall v. Wade*, 741 F.3d 492, 498 (4th Cir. 2014).

However, minor disruptions to a prisoner's diet do not violate protected rights, and the service of cold meals during Ramadan has been upheld in a number of federal courts. *See, e.g., Poindexter v. Lee*, 2018 WL 3617890 (W.D. Va. Jul. 30, 2018)(dismissing claims of prisoner who alleged a Ramadan meal was placed on the floor, that he did not receive a "feast" at the end of the Ramadan observance, and that meals were cold by the time he could eat them); *Couch v. Jabe*, 479 F.Supp. 2d 569, 585 (W.D. Va. 2006)(appropriate but cold food served during Ramadan did not create a substantial burden on religious exercise); *Saddiq v. Trinity Services Group*, 198 F.Supp.3d 1051, 1060-61 (D. Ariz. 2016) (state prison's practice of providing cold, "megasack" meal stacks instead of hot meals during Ramadan upheld on equal protection challenge); *Garnica v. Washington Dept. of Corrections*, 639 Fed. Appx. 48 (9th Cir. 2016)(affirming dismissal of prisoner's lawsuit: state prisoners received boxed food of full set of cold meals during Ramadan, prisoner was inadvertently provided a low-calorie meal on first day and officials corrected error); *Ruffin*

*v. Hinkley*, 2017 WL 3670659 (D.Maine Aug. 25, 2017)(recommending dismissal where prisoner alleged that during incarceration at jail, he was provided two cold meals daily during Ramadan).

Fourth, plaintiff does not identify any physical injury arising from the service of cold meals. Under the Prisoner Litigation Reform Act (PLRA), prisoners are barred from recovering monetary damages for "mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). *See Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001)(stating, in a First Amendment case, that the PLRA "limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional.").

### Order to Show Cause

The Court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Plaintiff is advised that the failure to file a timely response may result in the dismissal of this matter for the reasons stated without additional notice.

Plaintiff may file an amended complaint within the time allowed that corrects the deficiencies identified in this order, alleges sufficient facts to state a claim for relief, and alleges sufficient facts to show personal participation by each named defendant. If he does not file an amended complaint within the prescribed time that cures the deficiencies discussed in this order, the matter will be decided upon the current record.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **November 19, 2018,** plaintiff shall submit an initial partial filing fee of $7.00 to the Clerk of the Court. Any objection is due the same date.

IT IS FURTHER ORDERED that on or before **November 19, 2018,** plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein or submit an amended complaint that cures the deficiencies identified in this order. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 19th day of October, 2018, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge